IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARTH D. CAPELA,

    Plaintiff,                      No. CIV S-08-0134 FCD GGH P

    vs.

D.K. SISTO, Warden, et al.       ORDER &amp;

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff names as defendants CSP[1]-Solano Warden Sisto and Appeals Coordinator Cervantes. Plaintiff alleges that his equal protection rights are being violated because he, as an inmate in the inmate work training incentive program (IWTIP), is not being awarded the same worktime credits as those who are in the IWTIP under Cal. Code Regs. tit.xv, § 3044(b)(1) (conservation or "firecamp" inmates). Complaint, p. 3. Plaintiff claims to be entitled to the same credit as inmates under § 3044(b)(1) work group F, who receive two days credit for every day served, but only earns 1 day of credit for each day served, because he has to follow the same set of rules. Id. Plaintiff alleges that it is irrelevant that he is not at firecamp. Id. at 4. Plaintiff seeks relief in the form of having the credits to which he believes he is entitled applied to his sentence from the point of his reception into the California Department of Corrections and Rehabilitation (CDCR), and he seeks money damages.

Cal. Code Regs. tit.xv, § 3044(b)(1), Work Group F applies only to inmates with a full-time conservation work assignment and states as follows:

> Inmates eligible to earn day-for-day worktime credits under Penal Code section 2933 shall be awarded two days credit for each day of qualifying performance. An inmate's ability to earn two-for-one credit shall not begin until he/she is assigned and reports to an established position in the conservation camp setting. Conservation camp inmates eligible for two-for-one credit, as defined in this section, may be eligible for Work Group F credit during temporary removals from the conservation camp setting. Inmates who become ineligible for continued conservation camp placement for any reason shall be removed from Work Group F and assigned to an appropriate Work Group consistent with the remaining provisions of this section.

In the first place, Cal. Penal Code § 2933, the state statute referenced in the section above (which addresses "worktime credits on sentences, amount; forfeiture; restoration; review") "does not create a constitutionally protected liberty interest." Kalka v. Vasquez, 867 F.2d 546, 547, citing Toussaint v. McCarthy, 801 F.2d 1080, 1095 (9th Cir. 1986), cert. denied,

---

[1] California State Prison.

3

1  481 U.S. 1069, 107 S. Ct. 2462 ("Section 2933 'does not create a constitutionally protected
2  liberty interest'").

3  Moreover, while the Equal Protection Clause of the Fourteenth Amendment
4  requires that all similarly situated persons be treated alike, Jones v. Helms, 452 U.S. 412, 423,
5  101 S. Ct. 2434 (1981), plaintiff makes no showing whatever that he is similarly situated to
6  inmates with conservation camp (or firecamp) work assignments, thus his claim does not
7  implicate the Fourteenth Amendment.  Because plaintiff's claim wholly fails to state a cause of
8  action and the court cannot discern how plaintiff might amend to cure the defects of his
9  allegations, the court must recommend summary dismissal, that is, dismissal without leave to
10 amend or dismissal with prejudice.  "A pro se litigant must be given leave to amend his or her
11 complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured
12 by amendment.'" Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988),
13 quoting Noll [v. Carlson], 809 F.2d 1446, 1448 (in turn, quoting Broughton v. Cutter
14 Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (per curiam)); accord Eldridge v. Block, 832 F.2d
15 1132, 1135-36 (9th Cir.1987).

16 Liberality in granting a plaintiff leave to amend "is subject to the qualification that
17 the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not
18 futile."  Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting
19 Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999).  This appears to be one of those relatively
20 rare cases when to grant plaintiff further leave to amend would be patently futile.

21 "Under Ninth Circuit case law, district courts are only required to grant leave to
22 amend if a complaint can possibly be saved.  Courts are not required to grant leave to amend if a
23 complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).  See also,
24 Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing
25 Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to
26 amend even if no request to amend the pleading was made, unless it determines that the pleading

4

could not be cured by the allegation of other facts").

Plaintiff brought a motion for a temporary restraining order (TRO) asking for a prison transfer to a different facility based on his claim that he should be housed at a facility with a lower security level. Plaintiff is informed that, in general, prison officials' housing and classification decisions do not give rise to federal constitutional claims encompassed by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments. See Board of Regents v. Roth, 408 U.S. 564, 569, 92 S. Ct. 2701 (1972). Nor does the Constitution guarantee a prisoner placement in a particular prison or protect an inmate against being transferred from one institution to another. Meachum v. Fano, 427 U.S. 215, 223-225, 96 S. Ct. 2532, 2358 (1976). Moreover, the motion is not accompanied by supporting affidavits, setting forth the need for urgency or irreparable harm to which plaintiff might be subject.

The court will recommend denial of plaintiff's motion for a TRO both for its deficiencies and because the underlying complaint lacks merit.

Accordingly, IT IS ORDERED:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith

IT IS HEREBY RECOMMENDED that plaintiff's January 28, 2008, motion for a TRO (# 4) be denied and the complaint (# 1) be summarily dismissed with prejudice and this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections

1 within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>
2 <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: 03/12/08                                  /s/ Gregory G. Hollows
4                                                              UNITED STATES MAGISTRATE JUDGE
5
6 GGH:009
  cape0134.dis